**Opinion filed November 12, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00239-CR

_____

**STEPHEN LEE FARRIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR52629**

## M E M O R A N D U M   O P I N I O N

Stephen Lee Farris has filed an untimely pro se notice of appeal from his judgments of conviction for the offenses of burglary of a habitation and violation of a protective order. We dismiss the appeal.

The documents on file in this appeal indicate that Appellant's sentence for each conviction was imposed on October 4, 2019, and that his notice of appeal was filed in the district clerk's office on October 18, 2021. When the appeal was filed in

this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeal may be dismissed for want of jurisdiction. We also notified Appellant that the trial court had certified that this is a plea-bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art 44.02 (West 2018). We requested that Appellant respond to our letter and show grounds to continue. Appellant has filed a response, but he has not shown grounds upon which this appeal may continue.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed over two years after his sentences were imposed. The notice of appeal was therefore untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain these appeals. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Moreover, the trial court's certification reflects that this is a plea-bargain case and that Appellant has no right of appeal. Thus, even if Appellant had timely perfected an appeal, this appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); s*ee Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

We dismiss this appeal for want of jurisdiction.

PER CURIAM

November 12, 2021

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.